IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| CLARA JO SARTOR, INDIVIDUALLY AND IN HER CAPACITY AS REPRESENTATIVE OF HOME ESSENTIALS, L.L.C. | * | CIVIL ACTION NO. 06-0011 |
| | * | JUDGE JAMES |
| VERSUS | * | MAGISTRATE JUDGE HAYES |
| JAMES LONNIE WALTERS AND HOME ESSENTIALS, L.L.C., and THE RICHLAND JOURNAL, INC. | | |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by defendants, James Lonnie Walters ("Walters"), Home Essentials, L.L.C., and The Richland Journal, Inc. ("Journal") (collectively "Defendants"). (Document No. 9). Plaintiff, Clara Jo Sartor ("Sartor"), opposes the motion. (Document No. 12). For reasons stated below, it is recommended that the motion be **DENIED.**

### BACKGROUND

This action arises out of a failed business endeavor by Sartor and Walters. On January 31, 2005, Sartor and Walters formed Home Essentials, L.L.C. ("Company"), a Louisiana limited liability company, for the purpose of jointly publishing a home improvement magazine entitled *Home Essentials.* The Company was supposed to benefit from its founders' varying talents: Sartor was to provide her artistic and creative expertise; Walters was to manage the business aspects of the magazine. The magazine's debut issue was published in February 2005, and a second issue followed in April 2005. Relations between Sartor and Walters, however, soon soured because Walters had, *inter alia*, allegedly withdrawn significant money from the Company's account, engaged in self dealing, and infringed upon the Company's copyrights by using Sartor's concepts in *Home Construction & Renovations*, a separate home improvement

magazine Walters published. On January 5, 2006, Sartor, individually and in her capacity as representative of the Company, filed suit against Defendants, alleging conversion of the Company's assets; self-dealing; breach of fiduciary duty; copyright infringement; and unfair trade practices and competition.

Sartor's copyright infringement claim is the subject of Defendants' present motion. Defendants claim that the Court lacks subject matter jurisdiction over Sartor's suit because her copyright infringement claim -- the only federal question involved in this case -- is peripheral to her other state law claims and is without merit. As support for this argument, Defendants have attached affidavits and other documents to their motion. Defendants also claim that subject matter jurisdiction is absent because Sartor "has not stated any statutory basis in the Complaint for actual jurisdiction arising under a law of the United States other than the allegation of jurisdiction under 28 U.S.C. § 1338(a)." Def.s' Brief, p. 2.

Sartor argues that Defendants' motion is really an attack on the merits of her copyright infringement claim and therefore should be treated as a motion to dismiss under Rule 12(b)(6) or as a motion for summary judgment under Rule 56. Under the standards associated with these motions, Sartor claims that her copyright infringement claim is viable and precludes dismissal.

## LAW AND ANALYSIS

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998 (quoting *Nowak v. Ironworkers local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), *cert. denied*, 534 U.S. 993 (2001). In fact, "there is a presumption against

subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citing *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984)).

"Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: 'facial attacks' and 'factual attacks.'" *Garcia v. Copenhaver, Bell & Assics., M.D.'s, P.A.*, 104 F.3d 1256, 1260-1 (11th Cir. 1997) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-9 (11th Cir. 1990); *see Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981). Facial attacks on the complaint "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (5th Cir. 1990) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980), *cert. denied*, 449 U.S. 953 (1980)) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977)). "'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Id.*

Defendants concede that their motion is a factual attack on subject matter jurisdiction.[1] *See* Def.s' Brief, p. 3. However, this concession still demands an inquiry into whether Defendants' factual attack challenges the merits of Sartor's claim. If a defendant's 12(b)(1)

---

[1] Despite Defendants' concession, one of their arguments for dismissal -- Sartor's failure to provide a specific statutory basis for jurisdiction other than 28 U.S.C. § 1338(a) -- is in fact a facial attack on subject matter jurisdiction. However, given that facial attacks require a court to construe all ambiguities and draw all inferences in the plaintiff's favor, Defendants' claim must fail. It is obvious from Sartor's complaint, namely the jurisdictional allegation under 28 U.S.C. § 1338(a) and her allegation of copyright infringement, that her claim is alleged under and governed by the Copyright Act, 17 U.S.C. § 101, *et seq.* -- the exclusive means for protecting copyrights. Indeed, Defendants' acknowledge this statutory basis in their motion. *See* Def.s' Brief, p. 5. Thus, Defendants' lone facial attack is without merit.

motion challenges facts separate and apart from the merits of the plaintiff's cause of action:

> The trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction -- its very power to hear the case -- there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Garcia*, 104 F.3d at 1261 (quoting *Lawrence*, 919 F.2d at 1529 (quoting *Mortensen*, 549 F.2d at 891)). Conversely, if an attack on subject matter jurisdiction does implicate the merits of the plaintiff's cause of action:

> The proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case. . . . Judicial economy is best promoted when the existence of a federal right is directly reached and, where no claim is found to exist, the case is dismissed on the merits. This refusal to treat indirect attacks on the merits as Rule 12(b)(1) motions provides, moreover, a greater level of protection to the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under Rule 12(b)(6) . . . or Rule 56 . . . both of which place great restrictions on the district court's discretion . . . . As a general rule a claim cannot be dismissed for lack of subject matter jurisdiction because of the absence of a federal cause of action. The exceptions to this rule are narrowly drawn, and are intended to allow jurisdictional dismissals only in those cases where the federal claim is clearly immaterial or insubstantial.

*Id.* (quoting *Williamson*, 645 F.2d at 415-6). As the above passages make clear, where a factual attack on subject matter jurisdiction implicates the merits of a plaintiff's cause of action, a court should find that jurisdiction exists unless the cause of action is "immaterial or is wholly insubstantial and frivolous." *Clark v. Tarrant County*, 798 F.2d 736, 741-2 (5th Cir. 1986) (citing *Williamson*, 645 F.2d at 413).

Defendants' factual attack on subject matter jurisdiction clearly implicates the merits of Sartor's copyright infringement claim. Defendants question the timeliness of the copyright applications, the extent to which Sartor's ideas and concepts are copyrightable, and the evidence

4

of any infringement. These arguments challenge the factual basis of Sartor's only federal cause of action by calling into question the merits of that cause of action. Thus, Defendants' motion can be granted **only** if Sartor's copyright infringement claim is "immaterial or is wholly insubstantial and frivolous." *Id.*

To be considered immaterial or insubstantial, a claim must have "no plausible foundation" or be "clearly foreclosed by a prior Supreme Court decision." *Williamson*, 645 F.2d at 416 (quoting *Bell v. Health-Mor. Inc.*, 549 F.2d 342 (5th Cir. 1977). Even at this early stage in the litigation, the evidence within the nascent record suggests that Sartor, on behalf of the Company, at least attempted to comply with the statutory requirements for copyright protection by submitting copyright applications for the "idea for [the] magazine and all layout, photos, articles" and for the "original idea for publication, themes, [and] all articles"; that the Company expressly prohibited unauthorized reproduction of any portion of *Home Essentials*; and that *Home Construction & Renovation*, the alleged infringing magazine, bears some resemblance to *Home Essentials*. Sartor's copyright infringement claim is clearly material and is not wholly insubstantial or frivolous; therefore, it is recommended that Defendants' motion to dismiss for lack of subject matter jurisdiction be **DENIED.**

To the extent that the Court is required to convert Defendants' motion into a motion to dismiss under Rule 12(b)(6) or a motion for summary judgment under Rule 56, it is also recommended that the motion be **DENIED**. Sartor's complaint adequately alleges a claim for copyright infringement, and it does not appear beyond doubt that Sartor can prove no set of facts in support of her claim so as to make dismissal under FRCP Rule 12(b)(6) appropriate. *See Conley v. Gibson*, 355 U.S. 41, 45-6 (1957). Furthermore, there has not been adequate time for meaningful discovery in this matter, and thus the granting of a motion for summary judgment would be premature. At this early stage of the litigation, there are numerous hotly contested

5

issues of material fact with respect to the timeliness of the copyright applications, their scope, and whether actual infringement occurred. Therefore, summary judgment would not be appropriate at this time.

## CONCLUSION

For the reasons state above, it is recommended that the Defendants' motion to dismiss for lack of subject matter jurisdiction be **DENIED.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 20th day of April, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE