RECEIVED
IN MONROE, LA

DEC 0 5 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CLARA JO SARTOR, EX REL.** | **CIVIL ACTION NO. 06-0011** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **JAMES LONNIE WALTERS, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

This case involves a copyright infringement claim under the Copyright Act, 17 U.S.C. § 101, *et seq.* ("Copyright Act"), made by Clara Jo Sartor ("Sartor"), individually and in her capacity as a representative of the magazine *Home Essentials* ("HE"). Sartor claims that Defendants James Lonnie Walters ("Walters"), Home Essentials, LLC, and The Richland Journal, Inc. infringed on HE's copyright by copying its layout and advertisements in the magazine *Home Construction and Renovation* ("HCR").

Pending before the Court is Defendants' Motion for Summary Judgment [Doc. No. 30] on Sartor's layout and advertisements claims and her ability to elect statutory damages and recover attorneys' fees. Defendants contend that HE does not own a valid copyright on its layout and advertisements, and that Sartor cannot elect statutory damages and recover attorneys' fees because she failed to register the copyrights within the time period required to elect these remedies. Sartor filed a Memorandum in Opposition [Doc. No. 33] responding that HE has valid copyrights and that Defendants infringed on those copyrights.

For the following reasons, Defendants' Motion for Summary Judgment is GRANTED IN

1

PART AND DENIED IN PART. Defendants' Motion for Summary Judgment on Plaintiff's layout claim is DENIED. Defendants' Motion for Summary Judgment on Plaintiff's ability to elect statutory damages and recover attorneys' fees is GRANTED. Defendants' Motion for Summary Judgment on Plaintiff's advertisements claim is also GRANTED.

## I.  FACTS AND PROCEDURAL HISTORY

Sartor and Walters formed HE in January of 2005. Two issues of HE were published, one in February of 2005 and one in April of 2005. Subsequently, Sartor and Walters had a falling out, and publication of HE ended.

Walters first published HCR in June of 2005 through The Richland Journal, Inc. HCR has been in continuous publication since that date.

On September 16, 2005, Sartor, on behalf of HE, applied for a copyright for both issues of HE. She listed herself as the author and claimed a copyright for the "idea for [the] magazine and all layout, photos, articles" for the February 2005 issue and for the "original idea for publication, theme, all articles" for the April 2005 issue.[1] [Doc. No. 30-4, Exhs. I and J].

On January 5, 2006, Sartor filed suit asserting federal copyright infringement claims and also asserting numerous state law claims.

On October 20, 2006, Defendants filed a Motion for Summary Judgment [Doc. No. 30] on Sartor's layout and advertisements copyright infringement claims and her ability to elect statutory damages and recover attorneys' fees.

On November 6, 2006, Sartor filed a Memorandum in Opposition [Doc. No. 33].

---

[1] Although Sartor applied for two copyrights, the parties have not distinguished between the copyrights for purposes of summary judgment.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard of Review

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet its initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). To satisfy this burden, "they are required to identify specific evidence in the record, and to articulate the precise manner in which that evidence supports their claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (internal quotations omitted). In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

### B. Copyright Infringement Claims

#### 1. Advertisements

Sartor claims that Defendants illegally copied eight advertisements published in HE.

3

Defendants claim that Sartor did not register a copyright for the advertisements.

Registration of a copyright is a jurisdictional prerequisite to filing a copyright infringement suit. 17 U.S.C. § 411(a)[2]; *see also Creations Unlimited v. McCain*, 112 F.3d 814, 816 (5th Cir. 1997) (citing *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1488 (11th Cir. 1990) (quoting 17 U.S.C. § 411(a))).

Neither copyright application refers to the advertisements. Instead, the applications claim a copyright for the theme or idea for the magazine, layout, photos, and articles.

Because Sartor failed to register a copyright for the advertisements prior to filing suit, the Court lacks jurisdiction over this claim. *See Creations Unlimited*, 112 F.3d at 816. Defendants' Motion for Summary Judgment is GRANTED, and Sartor's advertisements claim is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

### 2. Layout

Sartor claims that HE owns a valid copyright on its layout, including the cover look, the design of the editorial page, the sidebar design on the cover, and the article format. Defendants claim that the layout of a magazine is not copyrightable as a matter of law, and, alternatively, that HE's layout is not original.

"To establish a claim for copyright infringement, a plaintiff must prove that: (1) he owns a valid copyright, and (2) the defendant copied constituent elements of the plaintiff's work that are

---

[2] 17 U.S.C. § 411(a) provides in pertinent part: "No action for infringement of copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title."

original."[3] *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 367 (5th Cir. 2004).

"Ownership of a valid copyright is established by proving the originality and copyrightability of the material . . . ." *Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 47 (5th Cir. 1995).

A work is original if it was created independently by the author and "possesses at least some minimal degree of creativity." *See Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 345 (1991). Novelty is not required: "a work may be original even though it closely resembles other works so long as the similarity is fortuitous, not the result of copying." *Id.* The creativity requirement is minimal and "even a slight amount will suffice." *Id.*

### a. Copyrightability

Defendants rely on 17 U.S.C. §102(b) to argue that the general layout of a magazine is not copyrightable because it is an idea, process, or expression, which is excluded from copyright protection.[4] Defendants also claim that, because the individual elements of a layout are not copyrightable, such as HE's use of the words "HOME" and "Resource," the arrangement of those elements is not copyrightable.

Sartor cites 17 U.S.C. § 102(c) for the proposition that the Copyright Act affords protection to seven broad categories of "original works of authorship" and that the layout of HE falls in the

---

[3]Although Defendants also argue in the alternative that they have not infringed on HE's layout, they failed to provide any legal analysis in support of this assertion. Therefore, the Court need not address Defendants' alternative argument.

[4] 17 U.S.C. § 102(b) provides in pertinent part:

In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work.

5

category of a compilation.

No Fifth Circuit case has addressed this issue. However, in *Reader's Digest Association*, 821 F.2d 800, 806 (D.C. Cir. 1987), the D.C. Circuit held that the cover design of a magazine, including the arrangement and layout of the lines, typefaces, and colors, is copyrightable. The court reasoned that while the individual elements do not qualify for copyright protection, the distinctive layout and arrangement of those elements is entitled to copyright protection as a graphic work under 17 U.S.C. 102(a)(5). *Id.*

Defendants claim that *Reader's Digest Association* is distinguishable and limited to its unique facts. Defendants contend that the court held the cover design is copyrightable because it is synonymous with *Reader's Digest*. However, the court discussed public recognition of the cover design in its analysis of trade dress under the Lanham Act, which is inapplicable to copyright infringement under the Copyright Act. *Id.* at 803-05.

Therefore, the Court finds that the layout of a magazine is copyrightable as a matter of law.

### b. Originality

Defendants claim that HE's layout is neither creative nor original because its elements are duplicated in several other home improvement magazines, which pre- and post-date the initial publication of HE.[5] Therefore, Defendants argue that they are entitled to summary judgment on this basis.

Sartor responds that she devised the layout independently and did not copy other materials. [Doc. No. 33-3, p. 1]. Sartor contends that the layout has original features, including the cover look,

---

[5]The other magazines also use the words "HOME" and "Resource," a combination of horizontal and vertical bars, eye-catching photographs, and descriptions of featured articles on the cover.

6

editorial page, and article format, which do not appear in other magazines.[6] Sartor also claims that the selection and arrangement of HE's layout demonstrates the creativity inherent in its layout design.

On summary judgment, the Court must accept Sartor's claim that she did not copy any other work and created HE's layout independently. The fact that HE's layout is similar to other magazines is irrelevant.

Sartor's claim that the elements of HE's layout, taken together, create a distinctive arrangement meets the minimal requirement of "creativity" for copyright protection. *See, e.g., Reader's Digest Assoc.*, 821 F.2d at 806 (cover design of a magazine); *Kaeser & Blair, Inc. v. Merchants' Ass'n*, 64 F.2d 575, 577 (6th Cir. 1933) (arrangement of colors and typefaces on letterheads and calling cards); *Roth Greeting Cards v. United Card Co.*, 429 F.2d 1106, 1109 (9th Cir. 1970) ("text, arrangement of text, art work, and association between art work and text" in a greeting card); *Oriental Art Printing, Inc. v. Goldstar Printing Corp.*, 175 F. Supp. 2d 542, 548 (S.D.N.Y. 2001) (layout of a restaurant menu); *Virginia Federation of Dog Club & Breeders, Inc.*

---

[6]The layout includes the words "HOME" prominently displayed at the top. The cover has a vertical bar on the left side, on which the date and edition are written. A horizontal bar beneath "HOME" intersects the vertical bar, with the horizontal bar including "Resource." Featured articles are listed to the right of the vertical bar, with a photograph dominating the right-hand side.

The layout of the editorial page, or the page including the magazine's masthead and message from the editor, has double lines that border the masthead. The editorial consists of 2/3 of the page, and the masthead consists of 1/3 of the page. The layout of the sidebar design mimics a tabbed card. The title of the sidebar is featured on the tab.

The articles alternate between a two-column layout and three-column layout, depending on the graphics and story length. The title of an article is superimposed over a photograph or graphic.

7

*v. Animal Fair, Inc.*, 1990 U.S. Dist. LEXIS 19394, *5-8 (E.D. Va. 1990) (layout of a calendar).

HE's layout contains the requisite "originality" for copyright protection because it was designed independently and required creativity. Therefore, the Court finds that there is a genuine issue of material fact whether HE owns a valid copyright on its layout.

Defendants' Motion for Summary Judgment on Sartor's layout claim is DENIED.

## C. Statutory Damages and Attorneys' Fees

Defendants claim that, if copyright infringement is found, Sartor is not entitled to elect statutory damages and recover attorneys' fees as a matter of law. *See, e.g., Ez-Tixz v. Hit-Tix, Inc.*, 919 F. Supp. 728, 735 (S.D.N.Y. 1996) (granting summary judgment on the availability of statutory damages since the plaintiff's pleadings contained a request for statutory damages and attorneys' fees and there were no factual disputes precluding determination that the plaintiff was ineligible).

In her Complaint, Sartor requests "such damages as to the Court shall appear proper within the provisions of the copyright statutes" and also requests attorneys' fees. [Doc. No. 1-1, p. 8, ¶¶ 5-6]. However, Sartor has not responded to Defendants' Motion for Summary Judgment on this issue.

A successful plaintiff can elect to pursue actual or statutory damages under 17 U.S.C. § 504 and attorneys' fees under 17 U.S.C. § 505. However, if infringement takes place after the original work is first published and before the effective date of copyright registration, a plaintiff must register the copyright within three months of the original work's first publication to be eligible for statutory damages and attorneys' fees. 17 U.S.C. § 412.

In this case, it is undisputed that the alleged infringement, the publication of HCR on June 21, 2005, took place after HE was first published on February 4, 2005. Sartor did not apply for a copyright until September 16, 2005 (the date the copyright application was signed), more than three

8

months following the first publication of HE. Further, Sartor cannot claim statutory damages for issues of HCR published *after* she registered the copyright. *See Hodge E. Mason v. Montgomery Data, Inc.*, 967 F.2d 135, 143 (5th Cir. 1992) (the alleged acts of infringement that occurred after the copyright was registered do not constitute new acts of infringement, but a continuation of the infringement that "commenced" prior to registration). Therefore, Sartor is not entitled to statutory damages and attorneys' fees as a matter of law. She may only pursue actual damages.

Defendants' Motion for Summary Judgment on Sartor's ability to elect statutory damages and recover attorneys' fees is GRANTED.

## III. CONCLUSION

For the reasons set forth in this ruling, Defendants' Motion for Summary Judgment [Doc. No. 30] is GRANTED IN PART AND DENIED IN PART. Defendants' Motion for Summary Judgment on Plaintiff's layout claim is DENIED. Defendants' Motion for Summary Judgment on Plaintiff's ability to elect statutory damages and recover attorneys' fees is GRANTED, and Plaintiff may not seek these remedies. Defendants' Motion for Summary Judgment on Plaintiff's advertisements claim is also GRANTED, and this claim is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

MONROE, LOUISIANA, this 4 day of December, 2006.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE